

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

*overruled by m-102/*

Honorable G. A. Neal
County Auditor
Ellis County
Waxahachie, Texas

Dear Sir:

Opinion No. 0-6649
Re: May the Commissioners' Court
of Ellis County purchase radio
equipment out of county funds
for privately owned car of a
constable on the fee basis?

Your letter of June 8, 1945, requesting an opinion
from this department is as follows:

"Can the Commissioners Court of Ellis County
purchase Radio Equipment out of the funds of the
County for the privately owned car of a Constable
on the fee basis?

". . . ."

The Commissioners' Court is a court of limited
jurisdiction and has only such powers as are conferred upon
them by the Constitution and statutes of the State by express
terms or by implication. Von Rosenberg v. Lovett, 173 S. W.
508; Miller v. Brown, 216 S. W. 452; Howard v. Henderson
County, 116 S. W. (2) 479; Galveston, H. and S. A. Ry. Co.
v. Uvalde County, 167 S. W. (2) 1084.

In our opinion No. 0-5898 this department held
that the Commissioners' Court of Chambers County was legally
authorized to purchase and expend county funds for a short
wave radio station for the sheriff's office since there was
specific authorization therefor in Article 3899, V. A. C. S.
We find no such authorization pertaining to constables.

We know of no provision in the Constitution or the
statutes of this State which confers upon the Commissioners'

Honoreble G. A. Neal, Page 2


Court either by express terms or by implication the power to purohase radio equipment out of the funds of the county for the privately owned car of a constable. We, therefore, answer your question in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By   *Ardell Williams*
      Ardell Williams
      Assistant


By   *John Reeves*
      John Reeves

JR:mp





APPROVED
OPINION
COMMITTEE
BY